IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Ernesto Corrales,<br><br>Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-14-0909-PHX-GMS (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Louis Ernesto Corrales has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION**

Petitioner's direct appeal concluded on October 25, 2001. Petitioner's post-conviction proceedings concluded on October 20, 2003. Petitioner's Habeas Petition was due on October 21, 2004, but was not filed until April 29, 2014.

Statutory tolling is not warranted, and no equitable tolling is merited because Petitioner cannot justify delays after 2005. Insufficient evidence is presented to merit an actual innocence exception under *Schlup v. Delo*, 513 U.S. 298 (1995).

For the reasons that follow, the Court concludes that Petitioner's claims are untimely. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### A. FACTS OF THE CASE

On April 9, 2000, Petitioner was visiting his wife Sylvia C.—from whom he was separated at the time—at the house she shared with her father and her children. (Doc. 14, Ex. YY at 110–12, Ex. ZZ at 210–11.) After returning to the house from a party, Petitioner and Sylvia had a loud argument. (Doc. 14, Ex. ZZ at 195, 211–13, 216, 284.) A witness heard someone yell "Louis," which was followed by gunshots. (*Id.* at 189.) A nearby officer heard "several exchanges of [gun]fire," and "[i]t sounded as if there was a large caliber weapon and smaller weapon being fired." (Doc. 14, Ex. YY at 161–62.) Sylvia and two other individuals were wounded by the gunfire. (Doc. 14, Ex. ZZ at 194, 197, 207, 214–15, Ex. YY at 109, 112–14, 164-66.) A witness spoke to police and identified Petitioner as the shooter. (Doc. 14, Ex. ZZ at 289, 293, 310–12.) Sylvia told police that Petitioner was "responsible" for the shooting. (*Id.* at 228.) Petitioner left the scene. (*Id.* at 217, 219.)

On April 24, 2000, an undercover Phoenix Police Department detective saw Petitioner sitting in a vehicle in Phoenix. (Doc. 14, Ex. YY at 128–30.) A uniformed officer responded to the scene and asked for Petitioner's identification. (*Id.* at 132, 153.) When Petitioner attempted to place the vehicle into drive, the officer tried to stop Petitioner. (*Id.* at 133, 154.) Petitioner sped off and dragged the officer a short distance. (*Id.* at 133.) Shortly thereafter, Petitioner crashed his vehicle into a tree at a nearby intersection. (*Id.* at 135, 137, 155, Ex. ZZ at 184.) Petitioner jumped out of his vehicle, saw the police approaching, dropped a .45 caliber semi-automatic handgun that he was carrying, and ran. (Doc. 14, Ex. YY at 138; Ex. ZZ at 184–85.) Petitioner was found in a nearby apartment he had broken into. (Doc. 14, Ex. YY at 136.) After he was read his *Miranda*[1] rights, Petitioner admitted he possessed the handgun and that he was a prohibited possessor. (*Id.* at 144–46.)

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## B. TRIAL COURT PROCEEDINGS

### 1. Trial and Sentencing

On May 5, 2000, the State indicted Petitioner on nine counts: aggravated assault, a class 6 felony (Count 1); unlawful flight from law enforcement, a class 5 felony (Count 2); misconduct involving weapons, class 4 felonies (Counts 3 and 5); criminal trespass, a class 6 felony (Count 4); endangerment, a class six dangerous felony (Count 7); and aggravated assault, class 3 dangerous felonies (Counts 6, 8, 9). (Doc. 14, Ex. A.)

On October 25, 2000, the jury found Petitioner guilty as charged in the indictment. (Doc. 14, Ex. AAA at 387–92.) After his conviction and before sentencing, Petitioner admitted that the offenses occurred while he was on parole and that he had two prior felony convictions. (*Id.*, Ex. BBB at 4–17.) On December 1, 2000, Petitioner was sentenced to an aggregate term of 47.5 years imprisonment.[2] (*Id.*, Exs. E, CCC at 29–33.)

### 2. Direct Appeal

On December 6, 2000, Petitioner filed a timely notice of appeal. (Doc. 14, Ex. G.) In Petitioner's appeal, he argued his admissions to prior convictions and parole status were invalid because the trial court did not advise him he was subject to community supervision following imprisonment. (Doc. 14, Ex. H at 7.) The Arizona Court of Appeals affirmed the convictions and sentences, and concluded the trial court "adequately advised [Corrales] that, for any term of imprisonment imposed on any count, the required term of community supervision would follow." (Doc. 14, Ex. J.) Petitioner did not petition the Arizona Supreme Court for review. (Doc. 14, Ex. K.)

---

[2] Petitioner was sentenced to the presumptive sentences of 3.75 years imprisonment pursuant to his conviction on Counts 1, 4, and 7, a term of 5 years on Count 2, a term of 10 years on Counts 3 and 5, and 11.25 years imprisonment for Counts 6, 8, and 9. (Doc. 14, Ex. E, Ex. CCC at 29–32.) The court ordered the sentences for Counts 1 through 5 to run concurrently and the sentences for Counts 6 through 9 to run consecutively to each other and to Counts 1 through 5. (*Id.*, Ex. E, Ex. CCC at 32–33.) The court ordered consecutive sentences on Counts 6 through 9 because "each of these crimes involved separate victims and an extreme and grave risk to human life." (*Id.*, Ex. CCC at 32.)

## C. PETITIONS FOR POST-CONVICTION RELIEF

### 1. First Petition

On November 26, 2001, Petitioner filed a timely notice for Post-Conviction Relief. (Doc. 14, Ex. L.) Petitioner was represented by retained counsel in his post-conviction proceeding. (Doc 14, Ex. L, Ex. M.) Petitioner asserted trial counsel was ineffective by failing to move to sever counts, failing to object to impeachment testimony, and failing to object to the admission of evidence tags at trial. (Doc. 14, Ex. O.)

On July 25, 2002, the trial court dismissed Petitioner's PCR petition, addressing each ineffective assistance of counsel claim and concluding that Petitioner "failed to raise a colorable claim of ineffective assistance of counsel." (Doc. 14, Ex. S.) The state court determined it was unlikely that the outcome of Petitioner's criminal proceedings would have been different if counsel had moved to sever the counts for trial, noting the evidence of guilt with regard to the shooting was "compelling" and that the evidence of guilt with regard to the flight charges was "overwhelming." (Doc. 14, Ex. S at 3 ("At least two eyewitnesses (the defendant's ex-wife and sister-in-law) identified Defendant to the police as the shooter. A third witness heard others call out the name "Louie" shortly before the shots rang out."). The court found that the admission of the evidence tags was a benefit to Petitioner at trial. (Doc. 14, Ex. S at 6.)

Petitioner, through counsel, filed a timely petition for review to the Arizona Court of Appeals. (Doc. 14, Ex. T, Ex. U.) He presented the same arguments he had presented to the trial court for review. (Doc. 14, Ex. U.) The State filed a response, and Petitioner filed a reply. (Doc. 14, Ex. V, Ex. W.) On October 20, 203, the Arizona Court of Appeals summarily denied review. (Doc. 14, Ex. X.)[3]

---

[3] On March 29, 2012, Petitioner also filed a motion for extension of time "to file an appeal/reconsideration," which was denied by the Arizona Court of Appeals as untimely. (Doc. 14, Ex. Y, Ex. Z.) On December 27, 2006, Petitioner filed a motion for filing a delayed petition for review before the Arizona Supreme Court, which was also denied because "review was denied in this matter over thirty-eight months ago" and Petitioner failed to establish "excusable neglect." (Doc. 14, Ex. AA, Ex. CC.) In March 2005, Petitioner filed a *pro se* motion in Maricopa County Superior Court to "confirm ruling on all Post-Conviction Relief, Reconsideration, and Review motions," which was

**2. Second Petition**

On July 26, 2011, Petitioner, proceeding *pro se*, initiated a second Rule 32 proceeding by filing a "Notice of Post-Conviction Relief." (Doc. 14, Ex. JJ.)  On the form, Petitioner alleged claims of ineffective assistance of counsel and the existence of newly-discovered material facts that probably would have changed the verdict or sentence.  Petitioner asserted his failure to timely file these claims "was without fault on the defendant's part."  Petitioner further asserted there was "clear and convincing evidence that the defendant is actually innocent." (Doc. 14, Ex. JJ.)  The second notice did not include argument or facts in support of Petitioner's claims.

Petitioner filed an additional "motion for clarification to file writ of habeas corpus" in August 2011.  (Doc. 14, Ex. KK, Ex. LL.)   The pleading did not include argument or any facts in support of the second notice.

On September 15, 2011, the state trial court dismissed the second Rule 32 action (Doc. 14, Ex. MM.)  The court found that Petitioner's claim of ineffective assistance of counsel could not be raised in an "untimely or successive petition for post-conviction relief." (*Id.*)  The trial court also found Petitioner failed to provide any facts or evidence to support his claims. (*Id.*)  Because Petitioner "fail[ed] to state a claim for which relief can be granted in an untimely Rule 32 proceeding," the court dismissed the second Rule 32 petition. (*Id.*)

On January 25, 2012, Petitioner filed a petition for review with the Arizona Court of Appeals, asserting he was improperly sentenced to consecutive terms of imprisonment. Petitioner also argued that he was denied his right to the effective assistance of counsel because counsel failed to call fact and expert witnesses who would have assisted Petitioner. (Doc. 14, Ex. QQ.)  Petitioner alleged that his trial counsel was overworked during his trial and had been repeatedly disciplined and later suspended from practice for four years in 2003 by the State Bar of Arizona.  (*Id.*)

On May 30, 2013, the Arizona Court of Appeals granted review but denied relief. also denied. (Doc. 14, Ex. DD, Ex. EE.)

(Doc. 14, Ex. SS.) The court found that, if Petitioner had been allowed to raise his claims in the trial court, they would have been precluded pursuant to Rule 32.2(a)(3), Arizona Rules of Criminal Procedure. (*Id*.) The appellate court also found that, even if Petitioner's ineffective assistance of counsel claim was based upon newly-discovered evidence, specifically the various disciplinary actions that had been taken against his trial counsel since Petitioner's trial, this claim would still be precluded for failure to comply with Rule 32.2(b) because Petitioner "did not set forth in his notice 'meritorious reasons . . . substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner.'" (*Id*. (quoting Ariz. R. Crim. P. 32.2(b)).)

Petitioner sought review of this decision by the Arizona Supreme Court. (Doc. 14, Ex. TT, Ex. UU, Ex. VV.) On December 20, 2013, the Arizona Supreme Court summarily denied review. (Doc. 14, Ex. WW.)

### D. FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On April 29, 2014, Petitioner filed the instant habeas petition, which advances five grounds for relief:

Ground 1: Whether consecutive sentences were improperly imposed.

Ground 2: Whether trial counsel was ineffective for:

(1) failing secure testimony from Rene Lopez;

(2) failing "to have expert testimony at trial for D.N.A., forensic science, eyewitness testimony, and ballistics for guns"; and

(3) investigation and trial error.

Ground 3: Whether the admission of 'other-act' evidence was prejudicial error.

Ground 4: Whether the jury instructions for Counts 5 through 9 misstated the law.

Ground 5: Whether there was insufficient evidence requiring reversal.

(Doc. 1.)

On November 13, 2014, the State filed a Response to the Petition. The State

argues the Petition is untimely, Petitioner's claims are procedurally defaulted and not cognizable, and his claims are vague and conclusory. (Doc. 14.)

### III. APPLICATION OF LAW

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

#### A. THE PETITION IS UNTIMELY.

##### 1. Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Arizona Court of Appeals issued its decision in Petitioner's direct appeal on October 25, 2001. Petitioner had 30 days to seek review of this decision by the Arizona Supreme Court.[4] Accordingly, Petitioner's convictions and sentences became final on November 24, 2001. *See*, *e.g.*, *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007). The one-year statute of limitations on Petitioner's habeas action expired on November 24, 2002, unless statutorily or equitably tolled.

##### 2. Statutory tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona*

---

[4] Ariz. R. Crim. P. 31.19(a) (requiring petition for review to the Arizona Supreme Court to be filed "[w]ithin 30 days after the Court of Appeals issues its decision"). Respondent would grant Petitioner five days for mailing pursuant to Ariz. R.Crim. P. 1.3 (adding "five calendar days" after service by mail). Because the five days have no bearing on the resolution of the case, the Court does not address the issue further.

*Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

On November 26, 2001, Petitioner initiated a timely action for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. The statute of limitations was tolled until the Arizona Court of Appeals denied post-conviction relief and dismissed the action on October 20, 2003. Therefore, the statute of limitations on Petitioner's habeas claims began to run on October 21, 2003, and expired on October 21, 2004. The instant Petition was filed on April 29, 2014.

The statute of limitations was not tolled by Petitioner's miscellaneous filings discussed in footnote 3 above, or his second state action for post-conviction relief. These filings and the second Rule 32 action were not "properly filed" state actions for post-conviction relief. Once the AEDPA limitations period expires, a subsequently filed state post-conviction proceeding cannot restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (noting that an application for state post-conviction relief filed after expiration of the AEDPA statute of limitations did not reinitiate the limitations period).

Petitioner's second PCR was not a continuation of the first PCR petition, but a separate proceeding asserting new claims of ineffective assistance and newly-discovered evidence, thus gap tolling does not apply.[5] *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (gap tolling between successive rounds of state proceedings only applies if second petition limited to seeking review of first petition). The second petition was also untimely, which also precludes statutory tolling on this basis. (*Id.*)

Accordingly, statutory tolling does not apply.

---

[5] In his first PCR, Petitioner asserted trial counsel was ineffective by failing to move to sever counts, failing to object to impeachment testimony, and failing to object to the admission of evidence tags at trial. (Doc. 14, Ex. O.) In his second PCR, Petitioner alleged his consecutive sentences were invalid and counsel was ineffective by failing to call a witness, failing to present expert testimony, and "individual and cumulative" errors. (Doc. 14, Ex. QQ.)

### 3. Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *Marcello*, 212 F.3d at 1010).

Here, Petitioner asserts equitable tolling should be granted because his first attorney "dropped the ball in March 2005." (Doc. 1 at 12.) Petitioner asserts that counsel also "said he would file a motion for permission to file a delayed petition for review by the Arizona Supreme Court by then 38 months had passed." (*Id.*)

On December 27, 2006, Petitioner's attorney filed a motion requesting permission to file a delayed petition for review before the Arizona Supreme Court. (Doc. 14, Ex. AA.) He asserted that Petitioner had "relied upon undersigned counsel" to file "a timely petition for review of the Court of Appeals' ruling with the Arizona Supreme Court." (*Id.*) In an affidavit, he avowed that he had agreed to represent Petitioner pro bono on appeal, and that his "[f]ailure to file a timely petition for review to the Arizona Supreme Court was due to [his] overwhelming case load." (*Id.*) The Arizona Court of Appeals denied the motion, stating:

> The court has considered petitioner's motion for permission to file a delayed petition for review by the Arizona Supreme Court. A review of the record in this matter indicates that on October 20, 2003, this court entered an order denying review. On April 1, 2005, petitioner filed a motion for extension of time to file for reconsideration or for review. On April 15, 2005, the court denied the motion. Presently, counsel requests this court to enter an order allowing a delayed filing of a petition for review based on counsel's "overwhelming case load." The court notes that review was denied in this matter over thirty-eight months ago. At no time did petitioner or counsel file a motion for extension of time in which to file a petition for review. The court does not believe that petitioner has established "excuseable neglect" and therefore,
>
> IT IS ORDERED denying the motion.

(Doc. 14, Ex. CC.)

Petitioner has not established that equitable tolling should apply in this case. Petitioner's claim that his attorney "dropped the ball"—supported by the attorney's affidavit to the Arizona Court of Appeals—explains the delay until 2005. Petitioner filed this Petition in April 2014. Petitioner does not justify the delay from 2005 to 2014. *See Waldron–Ramsey*, 556 F.3d at 1014 (stating that petitioner "could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline."); *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (even without access to his case file, petitioner must "at least consult his own memory of the trial proceedings.").

### 4. Actual Innocence

To avoid a miscarriage of justice, the statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude this Court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence. "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error,' the Court may consider the petition on the merits. *See*

*Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995)." *Stewart v. Cate*, 757 F.3d 929, 939 (9th Cir. 2014).

To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Perkins*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327). Such a claim must be founded upon "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Significantly, "[t]his is a high threshold that is rarely met." *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011). *See also Perkins*, 133 S. Ct. at 1928 ("tenable actual-innocence gateway pleas are rare").

Here, Petitioner presents no new evidence of actual innocence, and he fails to satisfy the "demanding" standard for a miscarriage-of-justice exception to the procedural bar. *Schlup* instructed that a claim of actual innocence must be supported by "new reliable evidence." *Schlup*, 513 U.S. at 324. Petitioner does not meet this standard.

### B. EVIDENTIARY HEARING

An evidentiary hearing is not warranted regarding Petitioner's claims, including equitable tolling, because the record is sufficiently developed to resolve Petitioner's assertion that his attorney's conduct from 2003-2005 precluded him from filing a timely petition. A habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003). An evidentiary hearing is not mandatory. "Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). *See also*, *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming conclusion that "[b]ecause [Gaston] was capable of

preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the [same time]").

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report

1  and Recommendation. *See* Fed. R. Civ. P. 72.

2  Dated this 24th day of June, 2015.

3

4

5  Honorable John Z. Boyle
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28